UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VILLARD T. BOGARD,

        Plaintiff,

v.                                              CASE NO. 11-10807
                                                HONORABLE NANCY G. EDMUNDS
NICK LUDWICK, ARUS RAJALA,
ARUS FIELDS, and SUPERVISOR
MARTINEZ,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Villard T. Bogard is a state prisoner at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and a motion for appointment of counsel. The defendants are employed by the Michigan Department of Corrections at its St. Louis Facility as follows: defendant Nick Ludwick is the warden; defendants Rajala and Fields are residential unit counselors; and defendant Martinez is a supervisor. Plaintiff alleges that the defendants interfered with his right of access to the courts by losing his habeas corpus petition in 2009 and failing to mail the petition to the federal district court in Detroit. He seeks $95,000 in money damages.

### II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be

granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555-56, 127 S. Ct. 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

Prisoners enjoy a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977), which applies to habeas corpus petitions, *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182, 135 L. Ed. 2d

606 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). "In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Casey*, 518 U.S. at 351, 116 S.Ct. at 2180). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In addition, the plaintiff must show that more than mere negligence caused the injury. *Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006) (collecting cases). "Negligence does not suffice to state an access to the courts violation under § 1983." *Garrison v. Corr*, 26 F. App'x 410, 411 (6th Cir. 2001) (citing *Collins v. Harker Heights, Tex.,* 503 U.S. 115, 127-30, 112 S. Ct. 1061, 1069-71, 117 L. Ed. 2d 2610 (1992); *Harrell v. Cook*, 169 F.3d 428, 431-32 (7th Cir. 1999)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (end citations omitted).

The complaint and exhibits in this case indicate that Plaintiff prepared legal mail on July 16, 2009, and defendant Rajala signed an expedited legal mail receipt for Plaintiff's package. Defendant Fields took the legal mail to the mail room that day and signed the legal mail log book. Plaintiff's package was not mailed because he had insufficient funds for the filing fee. Staff in the mail room claimed to have placed Plaintiff's package in a supervisor's mailbox for return to Plaintiff. However, neither Plaintiff nor defendants Rajala and Fields received the package. The petition could not be located after a thorough search of the mail room, and because the legal mail log was incomplete, defendant Nick Ludwick

could not determine to whom the package was returned.

The Court concludes from these facts, as alleged in the complaint and attachments, that Plaintiff's habeas petition was lost or misplaced as a result of negligence. None of the named defendants appear to have made an intentional effort to deprive Plaintiff of his right of access to the courts.

Furthermore, Plaintiff was not prejudiced by the alleged deprivation of his right of access to the courts. An exhibit to the complaint indicates that Plaintiff re-filed his habeas petition and that it was processed. *See* Compl., Ex. 6. Federal court records confirm that Plaintiff filed a federal habeas corpus petition in this District on September 28, 2009. The petition was treated as timely and denied on the merits. *See Bogard v. Ludwick*, No. 09-13820 (E.D. Mich. Sept. 7, 2010).

## IV. Conclusion

The complaint is frivolous and fails to state a claim for which relief may be granted because it fails to demonstrate that Plaintiff was prejudiced by the defendants' conduct and that the defendants intentionally deprived Plaintiff of his right of access to the courts. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further ordered that Plaintiff's motion for appointment of counsel [Dkt. #3] is **DENIED** as moot. Finally, because an appeal from this decision would be frivolous and could not be taken in good faith, Plaintiff may not proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L.Ed.2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601,

610-11 (6th Cir. 1997).

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: April 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2011, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager